UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>SYRACUSE UNIVERSITY,<br><br>    Defendant. | Civil Action No.:  5:23-CV-1466 (FJS/TWD)<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br>Supreme Court of the State of New York<br>County of Onondaga<br>Index No. 013037/2023 |

PLEASE TAKE NOTICE that Defendant Syracuse University ("SU"), by and through its undersigned counsel, files this Notice of Removal to remove this action from the Supreme Court of the State of New York, County of Onondaga to the United States District Court for the Northern District of New York pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

PLEASE TAKE FURTHER NOTICE that this Court may exercise personal jurisdiction over the parties because the Court's territorial jurisdiction embraces the location where the Supreme Court action was filed. SU reserves all defenses and rights available to it. In support of this Notice of Removal, SU states as follows:

**I.    THE REMOVED ACTION**

1. On November 21, 2023, Plaintiff John Doe ("Plaintiff") commenced this action by filing a Summons and Complaint in the Supreme Court of the State of New York, County of Onondaga, Index No. 013037/2023 (the "State Court Action"). A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. This action arises out of claims filed under the New York Adult Survivors Act and alleges three causes of action: (i) Negligence; (ii) Negligent Hiring, Supervision, Retention, and/or Direction; and (iii) Negligent Security.

3. According to the Complaint, Plaintiff alleges that he has suffered serious psychological, physical and emotional harms, based upon alleged abuse caused by non-party Conrad Mainwaring between 1982 and 1984.

4. This removal is made within thirty days of the filing of the Complaint in this action.

5. As of the date of this filing, SU has yet to be served and no affidavit of service has been filed in the Supreme Court of the State of New York, County of Onondaga. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019).

6. As of the date of this filing, no further pleadings have been filed and no proceedings have occurred in the State Court Action.

**II.   GROUNDS FOR REMOVAL**

7. Under 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff's action. There is complete diversity between the parties and the amount in controversy exceeds $75,000. Removal is proper under 28 U.S.C. §§ 1441 and 1446.

8. Removal to this District is proper because the Supreme Court of the State of New York, County of Onondaga, where the underlying state action was filed, is within the Northern District of New York. *See* 28 U.S.C. § 1446(a).

**III.   DIVERSITY OF CITIZENSHIP**

9. This action is removable because the requirements of 28 U.S.C. § 1332 for diversity jurisdiction are met. There is complete diversity of citizenship for purposes of federal jurisdiction.

10. According to the Complaint, Plaintiff John Doe is alleged to be a resident of Vienna, Austria. (Compl., ¶ 9).

11. Based on the foregoing, and absent any evidence to the contrary, it is reasonable to believe that Plaintiff intends to remain a non-New York resident, for purposes of satisfying the

domicile test. *See Cornwall Mgmt. Ltd. v. Thor United Corp.*, 2013 WL 5548812, at *3 (S.D.N.Y. Oct. 8, 2013).

12. SU is an educational institution organized under the laws of New York, with its principal place of business in Syracuse, New York. (*Id.*, ¶ 10).

13. Complete diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) because Plaintiff and SU are citizens of different states.

IV. **AMOUNT IN CONTROVERSY**

14. Under CPLR 3017, a plaintiff seeking to recover for personal injuries is prohibited from pleading a specific amount of damages in a complaint; however, based upon the nature and severity of the alleged injuries that Plaintiff claims, the amount in controversy in this action exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(A).

15. Here, Plaintiff claims injuries from sexual assault and abuse perpetrated by non-party Conrad Mainwaring, between 1982 and 1984. Plaintiff alleges psychological, physical and emotional harm from these alleged instances. (Compl., ¶¶ 8, 53-54, 59).

16. Courts in this District and throughout the Second Circuit have found the amount in controversy requirement satisfied in personal injury actions that seek similar damages. *Doe v. Roman Catholic Diocese of Erie, Pa.*, 2021 WL 790834, at *3 (N.D.N.Y. Mar. 2, 2021) (finding that allegations of "physical, emotional, and psychological injuries . . . along with pain and suffering" arising from sexual abuse as a minor "easily" satisfy "the requisite 'reasonable probability' that damages exceed $75,000."); *see also Zido v. Werner Enters., Inc.*, 498 F. Supp. 2d 512, 514 n.3 (N.D.N.Y. 2006) (amount in controversy satisfied where the plaintiffs sought to recover non-economic losses from personal injury and loss of consortium, along with economic

losses from medical expenses and other costs); *James v. Gardner*, 2004 WL 2624004, at *4 (E.D.N.Y. Nov. 10, 2004) (amount-in-controversy requirement met where the complaint was silent on damages, but alleged that the plaintiff suffered "severe and permanent personal injuries").

17. In addition, Plaintiff seeks punitive damages, (Compl., at Wherefore Clause, p. 20), which Courts also consider in determining whether the action satisfies the jurisdictional requirement of $75,000. *See Peoples Club of Nigeria Int'l, Inc. v. Peoples Club of Nigeria Int'l – New York Branch, Inc.*, 821 F. App'x 32, 35 (2d Cir. 2020) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied." (internal quotation marks and citation omitted)); *see also Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.").

18. Based on the foregoing, and taken together, the compensatory and punitive damages sought by Plaintiff exceed the jurisdictional amount of $75,000.

## V. SU HAS SATISFIED ALL APPLICABLE PROCEDURAL REQUIREMENTS FOR REMOVAL

19. This action is removable under 28 U.S.C. § 1441(b) because SU, as a "forum defendant," has yet to be served with a copy of the Complaint and no affidavit of service has been filed in the Supreme Court of the State of New York, County of Onondaga. The Second Circuit has held that a forum defendant may remove an action to federal court, so long as that forum defendant has not been served. *See Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 706-07 (2d Cir. 2019).

20. Pursuant to 28 U.S.C. § 1441(a), the present action may be removed to the United States District Court for the Northern District of New York.

21. In accordance with 28 U.S.C. § 1446, copies of all process and papers in the State Court Action have been attached to this Notice of Removal as **Exhibit A**.

23. SU will promptly serve a copy of this Notice of Removal upon all counsel of record and will file a copy of this Notice with the Clerk of the Court for the Supreme Court of New York, County of Onondaga, pursuant to U.S.C. § 1446(d).

## CONCLUSION

For the foregoing reasons, SU respectfully requests that this Court proceed with this lawsuit as if it had been originally filed in this Court, and that the Court grant SU such other relief as is necessary.

Dated: November 22, 2023
New York, New York

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: /s Richard S. Hartunian
Richard S. Hartunian
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10036
(212) 790-4500

*Attorneys for Defendant Syracuse University*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of November 2023, the foregoing Notice of Removal, with attached exhibits, was filed with the Clerk of the District Court via the CM/ECF filing system. I hereby certify that I will further serve the foregoing: (i) by e-mail on November 22, 2023 on Plaintiff's counsel; and (ii) by U.S. mail on November 24, 2023 on the following:

Jonathan Lindenfeld
FEGAN SCOTT LLC
140 Broadway, 46th Floor
New York, NY 10005

Elizabeth A. Fegan
FEGAN SCOTT LLC
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606

Lynn Ellenberger
FEGAN SCOTT LLC
500 Grant St., Suite 2900
Pittsburgh, PA 15219

*Attorneys for Plaintiff*