UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DOE,

                                     Plaintiff,                      5:23-cv-1466 (BKS/TWD)

v.

SYRACUSE UNIVERSITY,

                                     Defendant.
_____

**Appearances:**

*For Plaintiff*:
Melissa Ryan Clark
Fegan Scott LLC
140 Broadway, 46th Floor
New York, NY 10005

*For Defendant*:
Richard S. Hartunian
Manatt, Phelps & Phillips, LLP
7 Times Square Plaza
New York, NY 10036

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**ORDER TO SHOW CAUSE**

      Defendant Syracuse University removed this action from New York State Supreme Court, Onondaga County, asserting that this Court has subject-matter jurisdiction over Plaintiff's state law claims under the diversity jurisdiction statute, 28 U.S.C. § 1332, which grants the federal courts jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the suit is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)–(2); *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) (stating that Section 1332

"requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants" (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005))).

"[I]n our federal system of limited jurisdiction . . . the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (internal quotation marks and citation omitted); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978))).  A party seeking to remove a case to federal court based on diversity of citizenship has the burden of proving that diversity exists. *See CenterMark*, 30 F.3d at 301 ("Where . . . jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper."); *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (stating that "the party invoking diversity jurisdiction must demonstrate that complete diversity among the parties existed at the time removal was sought to federal court").

The Notice of Removal asserts that the jurisdictional amount is met here and that "[c]omplete diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) because Plaintiff and [Defendant] are citizens of different states." (Dkt. No. 1, ¶¶ 13, 14–18). According to the Notice of Removal, Defendant Syracuse University "is an educational institution organized under the laws of New York, with its principal place of business in Syracuse, New York." (Dkt. No. 1, ¶ 12; *see also* Dkt. No. 2, ¶ 10).  The Notice of Removal also states, "Plaintiff John Doe is alleged

to be a resident of Vienna, Austria." (Dkt. No. 1, ¶ 10 (citing State Court Complaint (Dkt. No. 2), ¶ 9)). In its State Court Complaint, Plaintiff alleges that in addition to being a resident of Vienna, Austria, Plaintiff "is a citizen of the United States." (Dkt. No. 2, ¶ 9).

"United States citizens who are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." *Force v. Facebook, Inc.*, 934 F.3d 53, 74 (2d Cir. 2019) (quoting *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990)). As the Notice of Removal does not contest that Plaintiff is a U.S. citizen domiciled abroad, it is currently insufficient to demonstrate the presence of diversity jurisdiction.

Accordingly, it is

**ORDERED** that if Defendant maintains that there is complete diversity between the parties, it shall submit a memorandum not to exceed five pages by December 28, 2023, showing cause why this action should not be remanded to state court for lack of subject matter jurisdiction; and it is further

**ORDERED** that if Defendant maintains that there is complete diversity between the parties, it shall submit supporting evidence regarding Plaintiff's citizenship or domicile along with its memorandum; and it is further

**ORDERED** that if Defendant maintains there is complete diversity between the parties, Plaintiff may respond to Defendant's submission, with a memorandum not to exceed five pages, on or before January 11, 2024.

**IT IS SO ORDERED.**

Dated: December 11, 2023
Syracuse, NY

Brenda K. Sannes
Chief U.S. District Judge